UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| JOSE LUIS NINO,<br>Individually and on behalf of all others similarly situated<br><br>*Plaintiff*,<br><br>v.<br><br>WOOD GROUP PSN, INC.<br><br>*Defendant*. | Civil Action No. _____<br><br>JURY TRIAL DEMANDED<br><br>COLLECTIVE ACTION<br>PURSUANT TO 29 U.S.C. §216(b)<br><br>CLASS ACTION PURSUANT TO<br>FED. R. CIV. P. 23 |

## ORIGINAL COLLECTIVE/CLASS ACTION COMPLAINT

Plaintiff Jose Luis Nino brings this action individually and on behalf of all current and former drivers (hereinafter "Plaintiff and the Putative Class Members") who worked for Wood Group PSN, Inc. (hereinafter "Wood Group" or "Defendant"), at any time during the relevant statutes of limitations preceding the filing of this Original Complaint through the final disposition of this matter, to recover compensation, liquidated damages, attorneys' fees, and costs, pursuant to the provisions of Section 216(b) of the Fair Labor Standards Act of 1938, and pursuant to Texas common law.

Plaintiff's FLSA claims are asserted as a collective action under 29 U.S.C. § 216(b), while his claims under Texas common law are asserted as a class action under Federal Rule of Civil Procedure 23(b)(3).

### I.
### OVERVIEW

1. This lawsuit includes a collective action pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.*, to recover overtime wages and other applicable penalties, and a class action pursuant to the laws of the State of Texas.

2. Plaintiff and the Putative Class Members are those similarly situated persons who worked for Wood Group in the United States at any time within their relevant statutes of limitations through the final disposition of this matter, were not paid for all hours worked and were not paid the correct amount of overtime compensation in violation of federal and state law.

3. Specifically, Wood Group has enforced a uniform company-wide policy wherein it improperly required its non-exempt hourly employees—Plaintiff and the Putative Class Members—to perform work off-the-clock and without pay in violation federal and state law.

4. Wood Group's company-wide policy has caused Plaintiff and the Putative Class Members to have hours worked that were not compensated and further created a miscalculation of their regular rate(s) of pay for purposes of calculating their overtime compensation each workweek.

5. Although Plaintiff and the Putative Class Members routinely worked in excess of forty (40) hours per workweek, Plaintiff and the Putative Class Members were not paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

6. Wood Group knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members for all hours worked each workweek on a routine and regular basis during the relevant time period.

7. Plaintiff and the Putative Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA.

8. Plaintiff and the Putative Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and to recover all damages owed under their Texas state-law claims as a class action pursuant to Federal Rule of Civil Procedure 23.

9. Plaintiff also prays that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

10. Plaintiff further prays that the Rule 23 class is certified as defined herein, and that Plaintiff Nino, designated herein, be named as Class Representative for the Texas Common-Law Class.

## II.
## THE PARTIES

11. Plaintiff Jose Luis Nino ("Nino") worked at Wood Group's Ingleside, Texas facility during the relevant time period. Plaintiff Nino's written consent to be a party plaintiff in this action is attached hereto as Exhibit "A."

12. The Putative Class Members represent Wood Group's non-exempt current and former employees throughout the United States who performed the same or similar work as Plaintiff and were subjected to the same or similar payment policies as Plaintiff during the relevant time period.

13. Defendant Wood Group PSN, Inc. ("Wood Group" or "Defendant") is a Texas for-profit corporation existing under the laws of the State of Texas and may be served with process by and through its registered agent: **United Agent Group Inc., 2425 West Loop South #200, Houston, Texas 77027**.

## III.
## JURISDICTION AND VENUE

14. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. § 201, *et seq*.

15. This Court has supplemental jurisdiction over the additional Texas state law claims pursuant to 28 U.S.C. § 1367.

16. This Court has personal jurisdiction over Wood Group because the cause of action arose within this District as a result of Wood Group's conduct within this District.

17. Venue is proper in the Southern District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

18. Specifically, Plaintiff Nino worked for Wood Group in Ingleside, Texas, which is within this District and Division.

19. Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b).

## IV.
## ADDITIONAL FACTS

20. Wood Group is a multinational company with commercial and industrial customers throughout the United States. It provides diverse services relating to industrial and energy markets, including engineering services, production support services, and resource management services.[1]

21. Wood Group employs drivers like Plaintiff Nino throughout the United States for its commercial and industrial lines of business.

22. Plaintiff and the Putative Class Members are (or were) non-exempt Transportation Drivers employed by Wood Group for the relevant time-period preceding the filing of this complaint through the final disposition of this matter.

23. Plaintiff and the Putative Class Members transported passengers to specified locations predetermined by Wood Group and Wood Group's clients.

24. Importantly, none of the FLSA exemptions relieving a covered employer (such as Wood Group) of the statutory duty to pay its employees overtime at one and one-half times the regular rate of pay apply to Plaintiff or the Putative Class Members.

---

[1] *See* https://www.woodgroup.com/what-we-do.

25. Moreover, Plaintiff and the Putative Class Members are similarly situated with respect to their job duties, their pay structure and, as set forth below, the policies of Wood Group resulting in the complained of FLSA violations throughout the United States.

26. As part of their job responsibilities, Plaintiff and the Putative Class Members have pre and post-trip responsibilities that they are required to perform at the beginning and end of each work shift.

27. For instance, before clocking in, Plaintiff and the Putative Class Members were tasked with preparing rooms for Defendant's client's employees; emptying coolers and refilling them with ice and drinks; discarding old coffee from coffee machines and making fresh coffee.

28. In addition, before clocking in (and after clocking out) each day, Plaintiff and the Putative Class Members were required to perform pre-trip and post-trip inspections of the vehicles they used to transport passengers.

29. Specifically, these pre and post-trip inspections included walking around the vehicle, checking tire pressure and tire condition, checking the vehicle's headlights and turn signals, cleaning the headlights and windshield, cleaning the windshield wipers, and frequently filling tires with air or replacing flat tires.

30. Plaintiff and the Putative Class Members' pre and post-trip responsibilities were integral and indispensable to their core job duties.

31. Plaintiff and the Putative Class Members' pre and post-trip responsibilities were not *de minimis* in nature.

32. Plaintiff and the Putative Class Members performed (and continue to perform) their pre and post-trip responsibilities "off-the-clock."

33. Defendant knew and encouraged Plaintiff and the Putative Class Members to perform their pre and post-trip responsibilities "off-the-clock" in violation of federal and state law.

34. Wood Group did not (and does not) compensate Plaintiff and the Putative Class Members for performing their pre and post-trip responsibilities "off-the-clock."

35. As a result of Wood Group's failure to compensate Plaintiff and the Putative Class Members for performing their pre and post-trip responsibilities "off-the-clock," Plaintiff and the Putative Class Members worked overtime hours for which they were not compensated.

36. Wood Group's failure to compensate Plaintiff and the Putative Class Members for their "off-the-clock" overtime hours violated (and continues to violate) federal and state law.

37. Plaintiff and the Putative Class Members were subjected to (and continue to be subjected to) the same or substantially similar policy, practice or scheme that required them to perform their pre and post-trip responsibilities "off-the-clock," as described above.

38. Wood Group knew or should have known that the proper amount of overtime compensation was not being paid to Plaintiff and the Putative Class Members in violation of the FLSA.

39. Wood Group knew or should have known that its failure to pay the correct amount of overtime to Plaintiff and Putative Class Members would cause, did cause, and continues to cause financial injury to Plaintiff and the Putative Class Members.

40. Wood Group knew or should have known that causing and/or requiring Plaintiff and the Putative Class Members to perform necessary work "off-the-clock" would cause, did cause, and continues to cause financial injury to Plaintiff and the Putative Class Members.

41. Wood Group's actions therefore constitute willful violations under the FLSA and were not made in good faith.

# V.
# CAUSE OF ACTION

## COUNT ONE
### (Collective Action Alleging FLSA Violations)

**A.   FLSA COVERAGE**

42. All previous paragraphs are incorporated as though fully set forth herein.

43. The FLSA Collective is defined as:

**ALL TRANSPORTATION DRIVERS EMPLOYED BY WOOD GROUP PSN, INC, THROUGHOUT THE UNITED STATES, AT ANY TIME FROM AUGUST 15, 2015 THROUGH THE FINAL DISPOSITION OF THIS MATTER ("FLSA Collective" or "FLSA Collective Members").**

44. At all material times, Wood Group has been an employer within the meaning of section 203(d) of the FLSA, which is defined to include any person acting directly or indirectly in the interest of an employer in relation to an employee. 29 U.S.C. § 203(d).

45. At all material times, Wood Group has been an enterprise in commerce or in the production of goods for commerce within the meaning of section 203(s)(l) of the FLSA because Wood Group has had and continues to have employees engaged in interstate commerce. 29 U.S.C. § 203(s)(1).

46. Specifically, Wood Group operates on interstate highways, purchases materials through commerce, transports materials through commerce and on the interstate highways, and conducts transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

47. At all material times, Plaintiff and the Putative Class Members are (or were) non-exempt employees who engaged in commerce or in the production of goods for commerce as required by sections 206 and 207 of the FLSA. 29 U.S.C. §§ 206–07.

48. At all material times, Wood Group has had (and continues to have) an annual gross business volume in excess of the statutory minimum of $500,000.00. 29 U.S.C. § 203(s)(1).

## B. FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

49. Wood Group violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 206–07, and 215(2)(a), by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for their employment in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

50. Moreover, Wood Group knowingly, willfully and in reckless disregard carried out their illegal pattern of causing Plaintiff and the Putative Class Members to perform their pre and post-trip duties "off-the-clock", thereby failing to pay Plaintiff and other similarly situated employees for all hours worked and the proper amount of overtime compensation. 29 U.S.C. § 255(a).

51. Wood Group knew or should have known its pay practices were in violation of the FLSA.

52. Wood Group is a sophisticated party and employer, and therefore knew (or should have known) its policies were in violation of the FLSA.

53. Plaintiff and the Putative Class Members, on the other hand, are (and were) unsophisticated employees who trusted Wood Group to pay according to the law.

54. The decision and practice by Wood Group to cause and/or require Plaintiff and the Putative Class Members to perform their pre and post-trip duties "off-the-clock" and without pay was neither reasonable nor in good faith.

55. Plaintiff and the Putative Class Members are entitled to overtime wages for all hours worked pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

## C. COLLECTIVE ACTION ALLEGATIONS

56. Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all those who are (or were) similarly situated to Plaintiff Nino.

57. Other similarly situated employees have been victimized by Wood Group's patterns, practices, and policies, which are in willful violation of the FLSA.

58. The Putative Class Members are defined in Paragraph 43.

59. Wood Group's systematic failure to pay for all hours worked and overtime compensation at the rates required by the FLSA results from generally applicable policies and practices, and does not depend on the personal circumstances of the Putative Class Members.

60. Thus, Plaintiff's experiences are typical of the experiences of the Putative Class Members.

61. The specific job titles or precise job requirements of the various Putative Class Members does not prevent collective treatment.

62. All of the Putative Class Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek.

63. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts. Indeed, Plaintiff and the Putative Class Members are non-exempt, blue-collar workers entitled to be paid for all hours worked and the proper amount of overtime each week.

64. Wood Group has employed (and continues to employ) hundreds of Transportation Drivers throughout the United States during the past three years.

65. Absent a collective action, many members of the proposed FLSA class likely will not obtain redress of their injuries and Wood Group will retain the proceeds of its rampant violations.

66. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

67. Accordingly, the FLSA Collective of similarly situated plaintiffs should be certified as defined in Paragraph 43 and notice should be promptly sent.

## COUNT TWO
### (Class Action Alleging Violations of Texas Common Law)

**A.  VIOLATIONS OF TEXAS COMMON LAW**

68. All previous paragraphs are incorporated as though fully set forth herein.

69. Plaintiff Nino further brings this action pursuant to the equitable theory of *quantum meruit*. *See Artemis Seafood, Inc. v. Butcher's Choice, Inc.* No. CIV. A. 3:98-0282, 1999 WL 608853, at *3 (N.D. Tex. Aug. 11, 1999) (citing *Schuchart & Assocs. V. Solo Serve Corp.*, 1983 WL 1147, at *23 (W.D. Tex. June 29, 1983).

70. The Texas Common-Law Class is defined as:

**ALL TRANSPORTATION DRIVERS EMPLOYED BY WOOD GROUP PSN, INC, IN THE STATE OF TEXAS, AT ANY TIME FROM AUGUST 15cf, 2014 THROUGH THE FINAL DISPOSITION OF THIS MATTER ("Texas Common-Law Class" or "Texas Common-Law Class Members").**

71. Plaintiff Nino and the Texas Common-Law Class Members are entitled to recover their unpaid "straight time" or "gap time" wages for services rendered on behalf of Wood Group. These claims are independent of their claims for unpaid overtime wages pursuant to the FLSA, and they are therefore not preempted by the FLSA. *See Carman v. Meritage Homes Corp.*, 37 F. Supp. 3d 860, 867 (S.D. Tex. 2014).

72. Plaintiff Nino and the Texas Common-Law Class Members provided valuable services for Wood Group, at Wood Group's direction and with Wood Group's acquiescence.

73. Wood Group accepted Plaintiff Nino and the Texas Common Law Plaintiffs' services and benefited from their timely dedication to Wood Group's policies and adherence to Wood Group's schedule.

74. Wood Group was aware that Plaintiff Nino and the Texas Common-Law Class Members expected to be compensated for the services they provided to Wood Group.

75. Wood Group has therefore been benefited from services rendered by Plaintiff Nino and the Texas Common-Law Class Members and they are entitled to recover pursuant to the equitable theory of *quantum meruit*.

**B.     TEXAS COMMON-LAW CLASS ALLEGATIONS**

76. Plaintiff Nino brings his Texas Common-Law Claims as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all similarly situated individuals employed by Wood Group to work in Texas since August 15, 2014. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.004.

77. Class action treatment of the Texas Common Law Class Members is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

78. The number of Texas Common-Law Class Members is so numerous that joinder of all class members is impracticable.

79. Plaintiff Nino is a member of the Texas Common-Law Class, his claims are typical of the claims of other class members, and he has no interests that are antagonistic to or in conflict with the interests of the other class members.

80. Plaintiff Nino and his counsel will fairly and adequately represent the class members and their interests.

81. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class

members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

82. Accordingly, the Texas Common Law Class should be certified as defined in Paragraph 70.

# VI.
# RELIEF SOUGHT

83. Plaintiff respectfully prays for judgment against Wood Group as follows:

a. For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA, certifying the FLSA Collective as defined in Paragraph 43 and requiring Wood Group to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

b. For an Order certifying the Texas Common-Law Class as defined in Paragraph 70 and designating Plaintiff Nino as the Class Representative of the Texas Common-Law Class;

c. For an Order approving the form and content of a notice to be sent to all putative FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

d. For an Order awarding Plaintiff (and those FLSA Collective Members who have joined in the suit) back wages that have been improperly withheld;

e. For an Order pursuant to Section 16(b) of the FLSA finding Wood Group liable for unpaid back wages due to Plaintiff (and those FLSA Collective Members who have joined in the suit), for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

f. For an Order pursuant to Texas common law awarding Plaintiff Nino and the Texas Common-Law Class Members compensation for the services they provided to Wood Group for which they have not been paid;

g. For an Order awarding the costs and expenses of this action;

h. For an Order awarding attorneys' fees;

i. For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

j. For an Order awarding the Plaintiff a service award as permitted by law;

k. For an Order compelling the accounting of the books and records of Wood Group, at Wood Group's expense;

l. For an Order providing for injunctive relief prohibiting Wood Group from engaging in future violations of the FLSA, and requiring Wood Group to comply with such laws going forward; and

m. For an Order granting such other and further relief as may be necessary and appropriate.

Date: August 15, 2018               Respectfully submitted,

**ANDERSON ALEXANDER, PLLC**

By:    /s/ *Clif Alexander*
       **Clif Alexander**
       Federal I.D. No. 1138436
       Texas Bar No. 24064805
       clif@a2xlaw.com
       **Austin W. Anderson**
       Federal I.D. No. 777114
       Texas Bar No. 24045189
       austin@a2xlaw.com
       **Lauren E. Braddy**
       Federal I.D. No. 1122168
       Texas Bar No. 24071993
       lauren@a2xlaw.com
       **Alan Clifton Gordon**
       Federal I.D. No. 19259
       Texas Bar No. 00793838
       cgordon@a2xlaw.com
       **Carter T. Hastings**
       Federal I.D. No. 3101064
       Texas Bar No. 24101879
       carter@a2xlaw.com
       **George Schimmel**
       Federal I.D. No. 2338068
       Texas Bar No. 24033039
       geordie@a2xlaw.com
       819 N. Upper Broadway
       Corpus Christi, Texas 78401
       Telephone: (361) 452-1279
       Facsimile: (361) 452-1284

       ***Attorneys in Charge for Plaintiff and the Putative Class Members***