UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| **JOSE LUIS NINO,** | § CIVIL ACTION |
| Plaintiff, | § No. 2:18-cv-00241 |
| vs. | § |
| **WOOD GROUP PSN, INC.** | § |
| Defendant. | § |

**JOINT MOTION TO APPROVE SETTLEMENT (FILED UNDER SEAL)**

Jose Luis Nino ("Nino" or "Plaintiff"), and Wood Group PSN, Inc. ("Wood Group" or "Defendant"), (collectively, "the Parties") have reached a settlement with respect to this Fair Labor Standards Act ("FLSA") case. This settlement represents the culmination of over a year's worth of investigation, litigation, and negotiation. If approved, the settlement will provide meaningful relief to Plaintiff.

The Parties' proposed settlement is detailed in the attached Settlement Agreement for review and approval *in camera*. The Parties jointly request the Court approve the Settlement Agreement as a reasonable compromise in accordance with applicable law.

1. **Background.**

This FLSA action was filed on August 15, 2018. *See* Doc. 1. Plaintiff alleged Wood Group failed to pay him and all other similarly situated individuals for work performed during "off-the-clock" time and overtime. *Id.* The Parties entered into and filed an Agreed Stipulation Regarding Conditional Certification and Notice to the Putative Class Members, pursuant to 29 U.S.C. 216(b). *See* Doc. 18. The Court entered an Order granting conditional certification as anticipated by the Parties' stipulation.

*See* Doc. 19. To date, no other individuals have elected to participate in this matter. The Parties engaged in discovery, and thereafter engaged in extensive settlement discussions. Ultimately, the Parties were able to reach a compromise with respect to the alleged FLSA claims after several months of informal settlement discussions. This settlement considers the Parties' disputes regarding liability and the inherent uncertainty regarding damages.

**2. The Settlement.**

As set forth in the attached Settlement Agreement (Exhibit A, filed under seal), the Parties reached a settlement on behalf of Plaintiff. The settlement provides Plaintiff with a substantial amount of his "off-the-clock" time and overtime, to which he alleges he was entitled.

**3. The Settlement Represents a Reasonable Compromise of this Litigation.**

In determining whether the settlement is fair and reasonable, the Court should note that there is a "strong presumption in favor of finding a settlement fair.'" *Sarabia v. Spitzer Indus., Inc.*, No. 4:17-CV-2091, 2018 WL 6046327, at *3 (S.D. Tex. Nov. 19, 2018) (*citing Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 720 (E.D. La. 2008)). Similarly, "that th[e] settlement is the negotiated result of an adversarial proceeding in an indication of its fairness." *Domingue v. Sun Elec. & Instrumentation, Inc.*, No. Civ.A. 09-682, 2010 WL 1688793, at *1 (M.D. La. Apr. 26, 2010). "The requirement of an adversarial posture between parties to a settlement agreement operates as a guarantee that employers cannot profit by coercing employees into waiving their rights, and then dressing that invalid waiver of the FLSA's protections as a valid settlement of a legal claim." *Shaw v. CAS, Inc.*, No. 5:17-CV-142, 2018 WL 3621050, at *1 (S.D. Tex. Jan. 31, 2018) (*citing Sims v. Hous. Auth. City of El Paso*, No. EP-10-CV-109-KC, 2011 WL 3862194, at *6 (W.D. Tex. Sept. 1, 2011)). "An actual dispute over the amount of overtime compensation due to an employee is sufficient to create a bona fide dispute." *Shaw v. CAS, Inc.*, No. 5:17-CV-142, 2018 WL 3621050, at *1 (S.D. Tex. Jan. 31, 2018).

Here, Wood Group tendered Plaintiff's pay and time records to Plaintiff in an attempt to facilitate settlement discussions. Notwithstanding, Wood Group vigorously contends that Plaintiff did not perform any "off-the-clock" work, or, if he did, that Wood Group was not aware that such work was being performed. Similarly, Wood Group denies that it instructed Plaintiff to perform such work. Nonetheless, if this matter were to proceed to trial, Plaintiff would still be required to prove exactly how many hours he worked during the alleged "off-the-clock" time. *See Miller v. Texoma Med. Ctr., Inc.*, No. 4:13CV32, 2015 WL 5604676, at *5 (E.D. Tex. Sept. 23, 2015) ("Indeed, none of Plaintiff's summary judgment evidence shows when and for how long he performed off-the-clock tasks for which he alleges he was not compensated."); *see also Mahoney v. Farmers Ins. Exchange*, No. 4:09-CV-2327, 2011 WL 4458513, at *10 (S.D. Tex. Sept. 23, 2011) ("If liability is proven, the amount of off-the-clock hours . . . and the extent to which off-the-clock work can be attributed to reasons other than Farmers' policies can be evaluated at damages phase of trial."). As such, a *bona fide* dispute exists under the FLSA. *See Basco v. Wal-Mart Stores, Inc.*, No. Civ. A. 00-3184, 2004 WL 1497709, at *8 (E.D. La. July 2, 2004) (noting that, in off-the-clock case, employer is entitled to various defenses, including contesting whether any off-the clock work occurred and whether it resulted in nonpayment of overtime; demonstrating its supervisors and managers did not know about the off-the-clock work; demonstrating that any off-the-clock work falls within the *de minimus* exception to the FLSA; and demonstrating that managerial employees acted in good faith).

In short, the Parties and their counsel (both are represented by experienced wage-and-hour attorneys with years of experience in litigating and resolving disputes such as this) find the Settlement Agreement to be a reasonable compromise considering the procedural posture of the case, the litigation risks, and the costs applicable to both sides. The Parties have engaged in arm's-length settlement negotiations involving months of informal settlement discussions. Because the Settlement

Agreement is a reasonable compromise and adequately compensates Plaintiff for the unpaid time alleged, the Parties seek entry of the enclosed Agreed Order of Approval.

### 4. Conclusion.

For these reasons, the Parties respectfully request the Court approve the attached Settlement Agreement as a "reasonable compromise" of this dispute.

Respectfully submitted, this 21st day of February 2020.

| | |
|---|---|
| By: /s/ *Clif Alexander* <br> Clif Alexander <br> Federal I.D. No. 1138436 <br> Texas Bar No. 24064805 <br> clif@a2xlaw.com <br> Lauren E. Braddy <br> Federal I.D. No. 1122168 <br> Texas Bar No. 24071993 <br> lauren@a2xlaw.com <br> **ANDERSON ALEXANDER, PLLC** <br> 819 N. Upper Broadway <br> Corpus Christi, TX 78401 <br> Telephone: (361) 452-1279 <br> Facsimile: (361) 452-1284 <br><br> **COUNSEL FOR PLAINTIFF** | By: /s/ *Bryan Edward Bowdler* <br> Samuel Zurik, III (Texas Bar 24044397) <br> S. Mark Klyza (admitted *Pro Hac Vice*) <br> Bryan Edward Bowdler (admitted *Pro Hac Vice*) <br> **THE KULLMAN FIRM, PLC** <br> 1100 Poydras Street, Suite 1600 <br> New Orleans, LA 70163 <br> Telephone: (504) 524-4162 <br> Facsimile: (504) 596-4189 <br> E-mail: sz@kullmanlaw.com <br> smk@kullmanlaw.com <br> beb@kullmanlaw.com <br><br> **COUNSEL FOR DEFENDANT WOOD GROUP PSN, INC.** |

## CERTIFICATE OF SERVICE

I hereby certify that on February 21, 2020, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

/s/ *Bryan Edward Bowdler*
Bryan Edward Bowdler